IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS

LEONARD E. BENFER,

                    Plaintiff,

vs.                                         Case No. 10-1405-SAC

MICHAEL J. ASTRUE,
Commissioner of
Social Security,

                    Defendant.


                           MEMORANDUM AND ORDER

     This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I.  General legal standards**

     The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the

                                      1

conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

　　　The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in

any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other

jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On October 13, 2009, administrative law judge (ALJ) Linda L. Sybrant issued her decision (R. at 10-18). Plaintiff alleges that he has been disabled since August 7, 1999 (R. at 10). Plaintiff is insured for disability insurance benefits through December 31, 2003 (R. at 10). At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since August 7, 1999, his alleged onset date (R. at 11). At step two, the ALJ found that plaintiff had the following severe

impairments: mild degenerative disc disease of the lumbar spine, and obesity (R. at 11).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 11).  After determining plaintiff's RFC, that plaintiff was limited to light work (R. at 16), the ALJ determined at step four that plaintiff was unable to perform past relevant work (R. at 16).  At step five, the ALJ determined that other jobs exist in significant numbers in the national economy that plaintiff could perform (R. at 16).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 16-18).

**III.  Did the ALJ err by relying on the opinion of a single decision maker (SDM) when making her RFC findings for the plaintiff?**

The record included a medical source statement from Dr. Veloor, a treating physician (R. at 512-513), and an opinion letter from Traci Harsch, a treating ARNP (advanced registered nurse practitioner) (R. at 515).  The ALJ explained in her decision why she accorded little weight to their opinions (R. at 15-16).  Plaintiff does not challenge the decision of the ALJ to accord little weight to these two medical opinions.

The record also includes two physical RFC assessments prepared by persons who did not examine the plaintiff, but reviewed the record in the case.  The first, dated June 4, 2007, and signed by Roberta Mayfield, limited plaintiff to exertional

limitations consistent with light work (R. at 167-174, Exhibit 6E). The second, dated August 20, 2007, and signed by Dr. Parsons, also limited plaintiff to exertional limitations consistent with light work (R. at 330-337, Exhibit 11F). However, Dr. Parsons also indicated that plaintiff could only perform climbing, balancing, stooping, kneeling, crouching and crawling on an occasional basis (postural limitations) (R. at 332). Dr. Parsons further indicated that plaintiff should avoid concentrated exposure to vibration (R. at 334).

The ALJ limited plaintiff to light work, as defined in the regulations,[1] with no other limitations (R. at 16). In making his RFC findings, the ALJ stated the following regarding the two state agency RFC assessments:

> The undersigned has considered the findings, opinions, and assessments of the non-examining State agency medical consultant and program physician, with respect to claimant's physical capacity (Exhibits 6E and 11F), and has accorded them weight in reaching the conclusion that claimant is not disabled, because they are generally consistent with

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 404.1567(b).

6

>            and supported by the findings, opinions, and
>            conclusions of treating and medical sources
>            contained in the record.

(R. at 16-17).

Plaintiff argues that Exhibit 6E was prepared by a single decision maker (SDM). Exhibit 6E was signed by Roberta Mayfield, and she is identified as an SDM in other documents (R. at 50-51); furthermore, defendant concedes in his brief that Exhibit 6E was prepared by an SDM (Doc. 19 at 11). An SDM is not a medical professional of any stripe, and the opinion of an SDM is entitled to no weight as a medical opinion, nor to consideration as evidence from other non-medical sources. <u>Herrman v. Astrue</u>, Case No. 09-1297-SAC (D. Kan. Sept. 29, 2010). If the ALJ had relied solely on Exhibit 6E in making his RFC findings, such reliance would have been clear error by the ALJ. However, the ALJ also relied on the RFC findings in Exhibit 11F, which was prepared by Dr. Parsons, an acceptable medical source. <u>See</u> 20 C.F.R. § 404.1513(a)(physician defined as an acceptable medical source).

The RFC assessments in Exhibit 6E, prepared by an SDM, and Exhibit 11F, prepared by Dr. Parsons, both limit plaintiff to exertional limitations consistent with light work (R. at 168, 331; see 20 C.F.R. § 404.1567(b)). Exhibit 6E included no other limitations. However, Exhibit 11F, prepared by Dr. Parsons, also stated that plaintiff can only occasionally perform climbing, balancing, stooping, kneeling, crouching and crawling (postural

limitations) (R. At 332); Dr. Parsons also opined that plaintiff should avoid concentrated exposure to vibration (an environmental limitation) (R. at 334). However, without explanation, the ALJ failed to include any of the additional limitations in Dr. Parsons' RFC assessment in her RFC findings for the plaintiff.

According to SSR 96-8p, the RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts...and nonmedical evidence." The ALJ must explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. "The RFC assessment must always consider and address medical source opinions. **If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted**" (emphasis added). SSR 96-8p, 1996 WL 374184 at *7. SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 n.9, 110 S. Ct. 885, 891 n.9, 107 L. Ed.2d 967 (1990); <u>Nielson v. Sullivan</u>, 992 F.2d 1118, 1120 (10th Cir. 1993). The ALJ clearly erred by failing to offer any explanation for not including in her RFC findings the postural limitations or the limitation on exposure to vibrations contained in Dr. Parsons' RFC assessment.

However, defendant argues that even had the ALJ incorporated the additional limitations contained in the report of Dr. Parsons, those additional limitations would have no effect on the

8

ALJ's decision that plaintiff was not disabled (Doc. 19 at 13). Courts should apply the harmless error analysis cautiously in the administrative review setting. <u>Fischer-Ross v. Barnhart</u>, 431 F.3d 729, 733 (10th Cir. 2005). However, it may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance where, based on material the ALJ did at least consider (just not properly), the court could confidently say that no reasonable factfinder, following the correct analysis, could have resolved the factual matter in any other way. <u>Fischer-Ross</u>, 431 F.3d at 733-734; <u>Allen v. Barnhart</u>, 357 F.3d 1140, 1145 (10th Cir. 2004).

At the hearing, the vocational expert (VE) testified that a person limited to light work could perform light, unskilled jobs, including that of inserting machine operator (DOT # 208.685-018), wrapping machine operator (DOT # 726.682-014), and a mail router (DOT # 222.587-038) (R. at 45). The VE stated that her testimony was consistent with the Dictionary of Occupational Titles (DOT) and her work experience (R. at 46). The ALJ adopted the testimony of the VE in her decision, finding that plaintiff was able to perform other work which exists in significant numbers in the national economy, including the three light jobs identified by the VE (R. at 16, 18).

SSR 00-4p states that in making disability determinations, defendant will rely "primarily" on the DOT (Dictionary of

9

Occupational Titles, including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO)), for information about the requirements of work in the national economy. Occupational evidence provided by a VE generally should be consistent with the occupational information supplied by the DOT/SCO. 2000 WL 1898704 at *2.

    According to the SCO, climbing, balancing, stooping, kneeling, crouching, crawling and exposure to vibration are activities or conditions that do not exist or are not present for any of the three light jobs identified by the VE, and found by the ALJ as jobs that plaintiff could perform. (SCO, U.S. Dept. of Labor, 1993 at 134, 172, 347, C-3, D-1-2). As noted above, in making disability determinations, the Commissioner relies primarily on the DOT and the SCO for information about the requirements of work in the national economy, and occupational evidence provided by a VE should generally be consistent with the occupational information in the DOT/SCO. In light of the fact that, according to the DOT/SCO, the three light jobs identified by the VE and found by the ALJ as jobs that plaintiff could perform do not require any of the postural or environmental activities or conditions listed in the report of Dr. Parsons as activities or conditions in which plaintiff had limitations, defendant is correct in asserting that these additional

limitations would have no affect on the ALJ's determination that plaintiff was not disabled. On the facts of this case, the court finds that the failure to include the postural and environmental limitations contained in the report of Dr. Parsons is harmless error.

**IV. Did the ALJ fail to consider plaintiff's obesity in accordance with SSR 02-1p?**

SSR 02-1p (evaluation of obesity) states that in the absence of evidence to the contrary, the Commissioner will accept a diagnosis of obesity given by a treating source or a consultative examiner. 2002 WL 32255132 at *4. It further states that, when assessing RFC, obesity may cause limitations of various functions, including exertional, postural and social functions. Therefore, an assessment should also be made of the effect obesity has upon the claimant's ability to perform routine movement and necessary physical activity within the work environment. Obesity may also affect the claimant's ability to sustain a function over time. In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity. 2002 WL 32255132 at *7. The discussion in the SSR on obesity and RFC concludes by stating that: "As with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations." 2002 WL 32255132 at *8.

The ALJ found obesity to be a severe impairment at step two (R. at 11). In making his RFC findings, the ALJ limited plaintiff to light work "as a result of his overall medical condition, including his obesity" (R. at 16). Dr. Parsons, in his RFC assessment, set forth plaintiff's height and weight, and specifically noted that plaintiff was "a bit obese" (R. at 332). Therefore, plaintiff's obesity was referenced and considered by Dr. Parsons in his RFC assessment, and a person with the limitations contained in the RFC assessment by Dr. Parsons was found to be able to perform light work which exists in significant numbers in the national economy. See Howard v. Barnhart, 379 F.3d 945, 948 (10th Cir. 2004)(court found no error in ALJ's consideration of plaintiff's obesity, noting that consultative examination, which took into account plaintiff's obesity, supported the ALJ's RFC determination). Furthermore, plaintiff fails to point to any evidence in the record indicating that plaintiff's obesity resulted in limitations not contained in the assessment by Dr. Parsons. See Arles v. Astrue, 438 Fed. Appx. 735, 740 (10th Cir. Sept. 28, 2011)(the court noted that the claimant did not discuss or cite to any evidence that obesity further limited his ability to perform a restricted range of sedentary work). The opinions of plaintiff's treatment providers (Dr. Veloor and ARNP Harsch) make no reference to plaintiff's obesity, or its impact on plaintiff's ability to work (R. at 512-

513, 515).  On these facts, the court finds no clear error by the ALJ in her consideration of plaintiff's obesity.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to the fourth sentence of 42 U.S.C. § 405(g).

Dated this 11th day of January, 2012, Topeka, Kansas.

                                    s/ Sam A. Crow
                                    Sam A. Crow, U.S. District Senior Judge